UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN W. PEROTTI, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | 2:10-cv-34-JMS-MJD |
| ) | |
| WARDEN HELEN MARBERRY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

John Perotti is confined by the Federal Bureau of Prisons ("BOP") and while at a BOP facility in Terre Haute, Indiana, was charged with and found guilty by the Discipline Hearing Officer ("DHO") of violating prison rules by conduct which disrupts, most like, threatening another. He was sanctioned in various ways, including the loss of a period of earned good time. Contending that the proceeding was tainted by constitutional error, Perotti brings the present action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2241(c)(3). Federal inmates have a liberty interest in their earned good time, and Perotti thus was entitled to due process before any time could be revoked. *See Brooks-Bey v. Smith*, 819 F.2d 178, 180 (7th Cir. 1987). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Notwithstanding the important procedural rights implicated by Perotti's challenge, the pleadings and the expanded record show that he is not entitled to the relief he seeks. In order to present his claims for federal habeas review, Perotti was required to have exhausted his administrative remedies with respect to the challenged disciplinary proceeding. *See Greene v. Meese,* 875 F.2d 639, 640 (7th Cir. 1989) ("[T]he requirement of exhaustion is judge made for federal [habeas corpus cases] . . . but is a

requirement nonetheless.") (internal citations omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted).

The expanded record shows that Perotti failed to properly exhaust his available administrative remedies. He presented various administrative appeals to the challenged proceeding, but failed in each instance to comply with BOP requirements and then failed, after being notified of the deficiency, to remedy the deficient effort. In more precise terms, Perotti attempted to appeal the determination of the DHO to the regional office. These appeals were rejected because, among other things, Perotti did not attach a copy of the DHO report. (No report was attached because he had not yet received the DHO report prior to his filing the appeals.) Perotti attempted to appeal the rejection of his administrative remedy to the central office. This appeal was rejected because there was no determination by the regional office, meaning that Perotti had submitted the appeal to the wrong level. On March 2, 2010, approximately 1½ months after he received a copy of the DHO report, he attempted to file an administrative remedy at the institutional level. This remedy was rejected because he filed at the wrong level; appeals of DHO actions are to be initially filed in the regional office. Thus, although Perotti attempted to appeal the DHO decision, he never did so properly and therefore failed to exhaust his administrative remedies.

Perotti argues that he exhausted his administrative remedies because he sent an appeal to the regional office stating the date and charges even though he did not have a copy of the DHO report. But the rejection notice to Perotti explained that his appeal was rejected for failing to include a copy of the DHO report and for other reasons. The notice also stated that he had the opportunity to resubmit his appeal. He did not do so properly. By failing to do so properly, he failed to do so as required in order to satisfy the exhaustion requirement because "[i]n order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Because Perotti failed to challenge the disciplinary proceeding through the administrative procedure available to him, the court is unable to address the merits of his habeas claims and his petition for a writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/26/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana